## JOHN TKAC *vs.* THE MARYLAND STEEL CO.

*Injury from Obvious Danger—Contributory Negligence.*

An electric railway ran along the wall of one of the buildings in defendant's steel works, leaving a space between the wall and the track varying in width from 18 inches to 2½ feet.   Near this space was a sign reading "Danger.   Keep off this track."   The path between the track and the wall was not maintained or designed for use as a footway, but there were three other ways of entering and leaving the building.

Plaintiff, a workman, on leaving the building took the way between the track and the wall and was injured by projecting rails on a passing car. *Held*, that the injury was caused by the plaintiff's own negligence in walking in a path which was obviously dangerous and which was not designed for use.

Appeal from the Baltimore City Court (HARLAN, C. J.)

The cause was argued before McSHERRY, C. J., FOWLER, BRISCOE, PAGE, BOYD, PEARCE, SCHMUCKER and JONES, JJ.

*James Fluegel*, for the appellant.

*Alexander Preston*, for the appellee.

BRISCOE, J., delivered the opinion of the Court.

The appellant brought suit on the 19th day of March, 1903, in the Baltimore City Court against the appellee to recover damages for injuries sustained by him, while in its employ, by reason of the alleged negligence of the defendant company.

The questions in the case are presented upon a single exception, and that is to the action of the Court in granting the defendant's third prayer, and in overruling a special exception thereto.

The third prayer reads as follows: "That the undisputed evidence in this case shows that the risk and danger of walking along the place where the plaintiff was injured was obvious and known to the plaintiff, or ought by the exercise of ordinary care, to have been known to be unsafe and dangerous, and the plaintiff is not entitled to recover under the pleadings in the case."

The case was submitted at the close of the plaintiff's testimony, and the judgment being for the defendant, the plaintiff has appealed.

We discover no error in the ruling of the Court upon the prayer as granted, or in overruling the special exception to the prayer.

There is no evidence in the record that would have justified a verdict or supported a judgment for the plaintiff, and the

Court below was therefore clearly right in withdrawing the case from the jury.

The facts briefly stated are these: The appellee is a corporation owning and operating a steel plant, at Sparrows Point, Baltimore County. The appellant was a laborer employed in the steel works of the appellee.

On July 6th, 1902, he was struck by a motor car and injured while leaving what is called the ore house, where he had been at work. The building is stated to be six to twelve hundred feet long and contained bins into which the ore that is converted into steel, is dumped into the cars. The ore is brought into the house by means of electric cars, located on the west side of the building and running its entire length.

There were cross-rails on the platforms of the cars which projected about nine inches, leaving a narrow space between the wall and the nearest rail of the car varying from one inch to forty-two inches. The plaintiff was injured while walking along the space between the wall and the track, having been struck by a cross-rail, on a platform, attached to the electric car.

The basis of the plaintiff's suit is that the injury was due to the negligence of the defendant in maintaining an unsafe and dangerous path of ingress and egress between the wall and the car track, from the place he worked.

The principles controlling such cases have been so often considered by this Court that it seems unnecessary to discuss them here.

In *Wood* v. *Heiges*, 83 Md. 268, this Court after reviewing the cases upon the subject said: If a servant has knowledge of the circumstances under which the employer carries on his business, and chooses to accept the employment, or continue in it, he assumes such risks incident to the discharge of his duties as are open or obvious. In such cases it is not a question whether the place prepared for him to occupy and which he assents to accept, might with reasonable care have been made more safe. His assent dispenses with the performance on the part of the master of the duty to make it so.

In the case at bar, according to the undisputed testimony, the plaintiff directly contributed to the accident and injury which he sustained, by his own want of care and caution.

The alleged path which he sought, as an exit from the building was not maintained, as a road, path or exit by the appellee company and was not intended to be used as such. There were three other exits from the buildings which were known to him and which he could have taken with safety.

The witness Stenzy testified that he had examined the path; in some places it was two and half feet, and in others about eighteen inches in width between the track and the wall, and there was a danger sign near the path which reads: "Danger, keep off this track; riding on motor cars or trucks positively forbidden. Employees disobeying this rule will be discharged." He further stated that at the place where the width of the path was only eighteen inches there was not room enough for a man to walk safely, that the place was slippery, and there was nothing to prevent one's slipping within reach of the cross-tracks on the platform of the electric car.

There was testimony to the effect that the space between the wall and the track was an unsafe and dangerous place; that at times it was obstructed by ore, stones, boxes and logs, that the dangerous character of the place was open and obvious and the plaintiff could not fail to see and ascertain its condition.

Upon this state of case, we think, it is certain, both upon reason and authority that the appellant contributed to his own misfortune, and is not entitled to maintain this action.

It follows from what has been said, there was no error in granting the prayer or in overruling the plaintiff's special exception to the defendant's prayer. The judgment will be affirmed with costs.

*Judgment affirmed with costs.*

(Decided March 24th, 1905,)